**DICKEY et al. v. STATE. (4 Div. 940.)**

(Court of Appeals of Alabama. April 15, 1924. Rehearing Denied May 13, 1924.)

**Intoxicating liquors ⬯236(19) — Evidence held to sustain conviction.**

Evidence *held* to sustain a conviction of one defendant for possessing a still.

Appeal from Circuit Court, Pike County; Arthur E. Gamble, Judge.

John and Jim Dickey were convicted of possessing a still, and appeal. Affirmed as to Jim Dickey; reversed and remanded as to John Dickey.

Certiorari denied by Supreme Court in Ex parte Dickey, 211 Ala. 416, 100 South. 631.

A. G. Seay, of Troy, for appellants.

The evidence was not sufficient to authorize the conviction of defendants. Adams v. State, 18 Ala. App. 346, 90 South. 42; Mitchell v. State, 18 Ala. App. 119, 89 South. 98; Koonce v. State, 18 Ala. App. 438, 93 South. 214; Clark v. State, 18 Ala. App. 217,

90 South. 16; Gay v. State, 19 Ala. App. 238, 96 South. 646; Guin v. State, 19 Ala. App. 67, 94 South. 788.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The evidence is sufficient to sustain a conviction. Cornelius v. State, 19 Ala. App. 170, 95 South. 824; Reeves v. State, 19 Ala. App. 309, 97 South. 152.

SAMFORD, J. The fact that the still was found set up and warm on the premises of Jim Dickey, 142 yards from the back of his garden, where was found buried five barrels, one of which contained cane beer and another cane skimmings, that there were at this place three empty holes the size of barrels, that two barrels were found at the cane mill, with dirt on them of the same character as that found in the empty holes, that the barrels were about 75 yards from the cane mill, that Jim Dickey, the owner of the place, was working at the cane mill when the officers arrived, that a path led from the cane mill to the barrels and from the barrels to the still, that there were fresh tracks in the path leading from the barrels to the still, that at the still was found a purse containing a scrap of paper, admittedly recently in the possession of Jim Dickey, together with some other circumstances of a minor nature tending to show a preparation towards distilling liquor, was sufficient upon which to base a verdict of guilt as to Jim Dickey.

As to John Dickey there is no evidence in this record connecting him either with manufacturing liquor or possessing a still. As to this defendant the court erred in refusing to give the general affirmative charge.

The judgment as to Jim Dickey is affirmed, and the judgment as to John Dickey is reversed, and the cause is remanded.

Reversed and remanded.